[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING FOLLOWING REARGUMENT
CT Page 239
At reargument, it was agreed by the defendants that permission to sue had been granted by the EEOC, and that the action was timely brought in relation to the EEOC letter. The only remaining issue is whether the portions of the complaint[1] alleging violations of federal law ought nonetheless to be dismissed because the plaintiff has not pleaded
that permission to sue has been received from the EEOC.
A motion to dismiss properly may be used to assert, inter alia, lack of jurisdiction over the subject matter. See § 10-31
of the Practice Book. A motion to strike, on the other hand, may properly be used to contest whether allegations are legally sufficient. See § 10-39 of the Practice Book. One asserting the lack of subject matter jurisdiction claims that the plaintiff cannot state a cause of action that may be heard by the court; the claim is that the court cannot hear the general sort of case alleged. Gurliacci v. Mayer, 218 Conn. 531, 544 (1991); Konoverv. Town of West Hartford, 242 Conn. 727, 740 (1997). Particularly in view of the ability to hold an evidentiary hearing when lack of subject matter jurisdiction is claimed, it seems to me that a motion to dismiss is concerned with the substance behind the allegations, while the motion to strike is more appropriately concerned with the allegations themselves. Drawing on the language of Gurliacci and of the Practice Book, it appears that a motion to dismiss raises the issue of whether the plaintiff is able to state a cause of action which may be heard by the court, while a motion to strike questions whether the plaintiff actually has stated such a cause of action.
The defendants have argued that in a number of the cases cited, motions to dismiss have been granted, based at least partly on the language that permission to sue has not been alleged. It should be noted, first, that the federal rules functionally combine our motions to dismiss and to strike in an omnibus motion to dismiss. Second, I find no case that wasdismissed in state court where the permission letter actually was received, but receipt was not alleged.
Because in substance subject matter jurisdiction exists over the federal claims, they are not dismissed. My ruling remains unchanged as to the state claims, and they are dismissed.[2]
Beach, J. CT Page 240